I want to call the first case United States v. Solis. Your Honor, may it please the Court, counsel? My name is Scott Davidson and I represent Edgar Solis in this case. It's a cross appeal, as your Honors know. The issue that we have brought before this Court is the attribution of a drug quantity of five kilograms to Mr. Solis. The issue that the government has brought is a challenge to essentially the substantive reasonableness of the 50-month sentence that Mr. Solis received by Judge Armijo. Counsel, I'm intrigued by your argument about McCulloch not being, that it's being distinguished because it involves a plain error. And I can't see that distinction when you're looking at Section 1B, 1.3. So I'd appreciate it if you'd enlighten me as to why McCulloch is not applicable. Well, your Honor, in McCulloch, the defendant was convicted of conspiracy to recover a quantity of cocaine. Mr. Solis, in this case, was acquitted under Rule 29, under judgment of acquittal by Judge Armijo, of conspiracy to possess with intent to distribute a quantity of five kilograms. All he was convicted of was the 500 grams. Well, but 1B, 1.3 says, makes the defendant responsible for all acts committed, aid, and abetted. So, the fact that one was conspiracy or plain error, I don't see how it plays into the equation. It's a question of what do you consider. And he was convicted of aiding and abetting, wasn't he? Mr. Solis was convicted of aiding and abetting. So I'll answer that twofold. First, the fact that Mr. McCulloch was convicted of conspiracy and Mr. Solis was not is important. But secondly, you make the argument about plain error. Right. Well, so we don't have a plain error case here. And so, obviously, the standard of review that this court gives to a plain error appeal is a much, much higher hurdle for the appellant than here, where the drug quantity was challenged vigorously by counsel below. But did you below ask for a special interrogatory? That goes to the governance issue, but that's a good question. The answer is no, but I'm not sure that that's required under any type of analysis. Well, but for plain error, at least if you didn't ask for a special interrogatory, then maybe whether you were entitled to a special interrogatory would be still a plain error analysis. And then whether, in fact, there was adequate evidence to support the sentence could have been looked at, you know, as a standard normal review for evidence. Well, with all due respect, I think your question is conflated into two separate issues. The governance issue. Yes, and so I want to make sure we understand the burden of proof on both of those matters. Well, with respect to the government. Not burden of proof, but the standard of review. Right. Well, the standard of review on the government's issue is going to be, as the U.S. Supreme Court said in Gall, is going to be a substantive reasonableness, abuse of discretion standard. Now, if the sentence that Judge Armijo pronounced was illegal, then, of course, that's ifso facto an abuse of discretion. Well, that's what you haven't convinced me of yet, that it was illegal. And that's your argument in regards to that. So I was referring to the government's cross-appeal. Sure. But going back to the, with respect to the drug quantity attribution, your Honor's question about aiding and abetting. This court said in 1995 in Jones, a defendant may not stumble into aiding or abetting a liability by inadvertently helping another in a criminal scheme unknown to the defendant. So there has to be knowledge. But the jury didn't find it. The jury was instructed in this case. The jury was told there was 500 grams, I believe. Correct. And they were instructed on aiding and abetting. I don't see where the jury wasn't properly instructed as to your client. Now, give me some, because that's all that's required. And they found him guilty of that. That's correct, Your Honor. But the, what we would ask is that, well, first of all, the government's appeal is under an abuse of discretion standard, not under a de novo standard. They're challenging the substantive reasonableness of the 50-month sentence because it was 10 months below the mandatory minimum for a B1B level quantity of cocaine. But the, where you, Judge Armijo departed, or excuse me, varied from the bottom of the guideline range of 121 months down to 50, in part because of the disparity, to avoid disparity, because Mr. Solis' brother, who was a bigger actor in the drug transaction, received a sentence of 37 months, and there were a lot of other factors that warranted. But where did she get that discretion when the, it requires her to give the sentence?  Part one is that she varied below, from 121 down to 50, under the statute of 3553. Now, you can look at, sort of, 3553 versus 841B1B. Excuse me for, that counsel is a guideline. The other is statutory, isn't it? Section 3553 is a statute. As is, that's 18 U.S.C. 3553, and then 21 U.S.C. 841B1B is the statute regarding. So they're both statutes. But the second argument is that there was not a specific finding, there was no special interrogatory, there was no specific finding of the drug quantity of 500 grams or more. And there was no stipulation. But that's because that's what they were charged with. That was in the charge of the 500 grams, and that's what the jury found him guilty of. Correct, but there was no special interrogatory. You didn't ask for one, did you? Counsel below did not ask for one, but the government's challenge is to the sentence. Well, but that's their responsibility to show why the court made it. I'm interested in your position as to why you should win on your issues. That's where I'm getting at. Right, so with respect to aiding and abetting, there was no evidence that my client had any knowledge that there was more than the one kilogram. So the circumstances were it was a reverse sting. The government approached my client's brother about a transaction, and my client was not involved in setting up the transaction. They met in a parking lot of a big box store in Albuquerque, and my client's brother did an informal test of the cocaine from one kilo. The others were in a conceded and opaque duffel bag inside the undercover officer's vehicle. But wasn't there evidence that the officers took those kilos out and kind of moved them around in the car a little bit? Was there no evidence of that? They may have moved the duffel bag around, but there was no evidence that they pulled out the bricks and then my client was there during any of that. I didn't see anything like that, Your Honor. The government's argument is that my client had an opportunity to observe. So my client was then called to the scene by his brother to help him to test the cocaine, to judge the quality of it. And that was for the one kilo that we're not contesting vis-a-vis the sentencing factor under the relevant Conduct 1V1.3. There were four other kilos that were inside the opaque duffel bag in the possession of the undercover officer that he was trying to sell to my client's brother. The government's argument is essentially, in the court, the basis for the drug quantity attribution of five kilograms to my client was based merely on the idea that my client had an opportunity to view the other four kilogram bricks in the duffel bag. There was no evidence that he saw that there were four other bricks in there. There was no evidence that he saw any other brick other than the one that he helped test. There was no evidence that he had any conversation with his brother that specifically addressed the quantity. There was no statement from my client that he knew about the other quantity. Well, counsel, is it your position that one of those things is necessary that you just listed? I mean, what are you putting that was missing? Any of those things that you just listed? Well, all of those were missing here. Correct, but I'm trying to find out what... Where the line. Where the line would be, yeah. What would we need? Certainly, if you had a statement from my client recorded or overheard by the undercover officer where they're discussing the quantity of five, then we probably wouldn't be here. But we don't have that here. There's no statement from my client, no indication anywhere in the record that he had any knowledge that there was anything more than the one. So I guess your position is you need a statement that, oh, there are five. I wouldn't say that you need a statement. You would have to have sufficient indicia of his knowledge and awareness of that jointly undertaken activity if you go under 1B1.3A1B, the jointly undertaken criminal activity portion of the relevant conduct guideline. Even if you go under the A1A subsection of 1B1.3, that's the aiding and abetting theory that Judge Volbeck was talking about. Still, under this court's precedent in Jones, you can't back in unwittingly into an aiding and abetting liability. And the guidelines don't define what aiding and abetting means for purposes of 1B1.3. So we would go to case law on what aiding and abetting means in criminal law. I want to be sure now. Your argument is that you're not opposed to the jury finding your client guilty. That was evidentiary matters that went to the jury as far as the instruction was concerned. Your argument simply is a sentencing argument that there's no evidence for your client to be sentenced on the basis of 500 grams. Is that correct? That's correct with respect to the one issue that we brought on this appeal. And that's correct, Your Honor. But the jury was instructed on the fact that there was 500 grams as to your client. That's correct, Your Honor. So now you're arguing an insufficiency evidence question not from the guilt stage of it but from the sentencing stage. Well, under 841A, he's guilty of attempt to possess with intent to distribute a quantity of cocaine. Not a quantity, 500 grams. Well, Your Honor, that's under B1B. But that's what he was charged with and convicted of. Correct. What I'm saying is that 841A is the liability for the offense. And then, as you know, B1C is sort of the default. That's 0 to 20. There's no quantity threshold for cocaine. Under B1B, the quantity threshold is 500 grams, and that's 5 to 40 years. If it's an A-level quantity for cocaine, that's going to be 5 kilos, and that's 10 to life. So our argument is that in order to get that sentence enhancement that's in the statute in B1B, in this case, to sentence him under the mandatory minimum 5 years or 60 months for the 500-gram quantity, there should be a special inauguratory so that we know that the jury found that specific event. It seems to me what Judge Baldock is asking is that you have a jury verdict that he was guilty of 500 grams. Correct. You're not challenging that. Why do we need anything more than that in sentencing him for 500 grams? I think it goes to the logic of Apprendi. Prior to Apprendi, you didn't have to plead in the indictment 500 grams. Prior to Apprendi, you didn't even necessarily have to put in the jury instructions 500 grams. After Apprendi and his progeny sentenced him— But those are all hypothetical. I mean, we don't care about whether you needed to or not. Here they did. And so here we have a jury finding of 500 grams. Why isn't that sufficient for sentencing him for 500 grams? Your Honor, because in this case, there was a special inauguratory for a specific finding there. I'm just suggesting it's basically an argument. One way of looking at it, Your Honor, is it's an argument for a good faith extension of the law. And the law essentially here is the logic of Apprendi. But the other thing to keep in mind here is that the government is appealing that. So there's an abuse of discretion standard that this court has in looking at Judge Armijo's sentence. The sentence of 50 months, she varied from 121 months down to 50 months. And yes, she varied below the 841B1B mandatory minimum, 60 months. But there was no specific finding of that. And so our argument with respect to their cost appeal is that it makes sense under Apprendi. And that Judge Armijo did not abuse her discretion in sentencing him to 50 months. Thank you, Your Honor. Good morning, and may it please the Court, Counsel. My name is Paige Messick. I'm an Assistant United States Attorney here in the District of New Mexico. I think it would be most straightforward if I start first just with the government's cost appeal. Any person convicted of a drug offense under 21 U.S.C. Section 841 involving 500 grams or more of cocaine, quote, shall be sentenced to a term of imprisonment which may not be less than five years. After Apprendi and Alene, that mandatory minimum is triggered when two conditions are met. First, the drug quantity is charged in the indictment. And second, if that case goes to trial, that the drug quantity is found by the jury is beyond a reasonable doubt. Well, I'm looking at instruction number eight. And what you've just told me, that is in the instruction. Absolutely. Those conditions are both present here. The amount was charged in the indictment, and it was found by the jury beyond a reasonable doubt as an element of the offense. In the same manner, exactly the same manner as it found all of the other equally important elements of the offense. And there is simply no law that supports Elise's theory that the drug quantity must be submitted to the jury via a special interrogatory. That would be a fine way to do it, but it's not legally required. What would it even add in this case? I mean, it might in some case, hypothetically, add something. But in this case, you couldn't have any more certainty than the jury finding guilty of a charge of 500 milligrams. In this case, it would add absolutely nothing. Well, in following your opposing counsel's argument, he does make a point that you have the guilty verdict. But then you have the, quote, sentencing guidelines. And his argument here is that, well, while you were convicted of this, it's still, you apply 3553 factors in arriving at the appropriate sentence, which Judge Vasquez had the authority and the ability under 3553 to depart down. So, why not? I think his argument is addressing these two separate issues. So, for the mandatory minimum, he's arguing that 3553A gives the district court, I suppose he's arguing that that gives the district court authority to go below a mandatory minimum. That's flatly contrary to this court's authority and every other court's authority. This court in Cornelius and in other cases has explained there are only two ways to get beneath the mandatory minimum. And neither of those is applicable here. That's a motion for substantial assistance by the government and a safety vow of eligibility. Neither of those is present here. There's simply no discretion, as this court stated in Cornelius, for a district court to depart beneath a mandatory minimum, even under 3553A. I think his other sentencing argument is that, well, the jury found 500 grams beyond a reasonable doubt. And he didn't contest that amount for sentencing. But he is contesting the difference between 500 grams and 5 kilograms, which at sentencing makes a difference of 6 offense levels. And that's because the thresholds under 841 are different than the thresholds in the guidelines. The guidelines have more incremental raises. And so here he can say, for those purposes, he's not challenging the 500 grams there because he is only challenging the increase up to the 5 kilograms. Now, on his argument, we need to start with the correct legal standard, which I believe Your Honor pointed out is found in the relevant conduct section of the Guidelines 1B1.3. The first category of defendant's relevant conduct consists of all acts and omissions committed, aided, abetted, counseled, etc. by the defendant. And here, Edgar Solis aided, abetted, counseled, etc. the attempted purchase of 5 kilograms of cocaine. Now, Solis comes back and argues that the 5 kilograms were not reasonably foreseeable to him. But reasonable foreseeability has no place here. The guideline commentary explicitly provides that reasonable foreseeability is not required for conduct the defendant personally undertakes, aids, abets, counseled, etc. But it has to be reasonably foreseeable. Elaborate on that because that's kind of a confusing line for me. I will. So there are two categories of relevant conduct. For the first, the defendant has personally engaged in these acts. Reasonable foreseeability is not required. And I think the guidelines give a very helpful couple of examples here. So, say the defendant is one of 10 people hired to offload marijuana from a ship. And this is an example in Application No. 4. Regardless of the number of bales of marijuana that defendant offloads, regardless of whether he knows how many bales are on the ship, and regardless of whether those number of other bales are foreseeable to him, he is responsible under the guidelines for the entire quantity of marijuana offloaded from the ship because he personally participated in that offloading of the entire quantity, whether he knows the quantity or whether it's reasonably foreseeable. But in that hypothetical, he knew that there was quantities in excess of what he was offloading. So it's just a question of he may not have known how much, but he knew there was additional quantities. Here, the defendant is saying, I didn't even know there was additional quantities at all. Well, I don't know that the guidelines actually make that distinction, but we can say for these purposes that that defendant on the ship knows that there's something more because there's other defendants there, other participants. Here, actually, though, Edgar Solis did know that more than this one kilogram was at stake because he is there to test. He knows, you can tell from his brother's comments, that they are going to test this one kilogram to see if they want to take the additional amount of cocaine. Read the evidence that says the word additional. Well, he says, Daniel says in the recording, if this is good, we'll take the other one. Now, that's an English translation, but that's essentially what he says in Edgar Solis' presence. So, and Edgar knows about this drug transaction before he is called to it because Daniel, his brother, at this transaction, mentions to the undercover officer that another guy is coming. This statement about if this is good, we'll take the other one, this was not made in the presence of the defendant. It was made in the presence of the defendant. It was made in the presence of the defendant. Yes, it was. It was. And there are other indications that Edgar knows that he is there to assist with a larger purchase of cocaine. So, he knows about the transaction before he arrives. And we know that because his brother says to the undercover officer, there's another guy coming, let's wait until he comes. So, this plan for Edgar to arrive here to give his okay, as his brother says, has to have existed before he has even called him because he's telling the undercover officer that Edgar is on his way before Edgar even arrives. When he talks to Edgar on the phone, he never tells him when he says, come here, get here. He never says where here is. He says, come here and give your okay. He never explains what it means to give his okay. So, Edgar knows that he's coming to this transaction to do something inspecting the quality of the drugs. Now, Daniel, it's not disputed, knows when he arrives there that it's a five kilogram purchase. And then the fact that Edgar is the one who has veto power over the quality of the drugs indicates that he has some authority over this transaction and thus can be expected to know approximately how much it involves. So, he knows he's there to inspect the quality for the purpose of allowing his brother to purchase more than the additional one kilogram. I mean, he knows he was there to test the one kilo. I'm still having trouble with evidence that he knew there was more than one kilo. I mean, you're making some, your last statement just kind of slipped in a conclusion that didn't follow from the facts. So, maybe we get in front. Well, I guess we should start with our standard of review on this one. The standard of review is for clear error in the district court's finding. But to answer your question about which evidence specifically shows he knew that more than one kilogram was available, in addition to the statement by his brother that if this is good, we'll take the other. But he wasn't there. He was. He was there when his brother said that to the undercover. I missed that in the facts, I guess. And then the undercover officer also testified at trial that Edgar is there at the transaction. He's standing two and a half feet from the bag containing the four unopened packages with an unobstructed view of them. And the undercover officer then specifically testified that he opened that bag more than once for both of the brothers to see. And that's at page 1033 of the third record on appeal. So, the district court. And that's what I had remembered. But when I asked the appellant's counsel, he said no, that there was no showing that that bag was visible to this defendant. So, you just disagree with him. Yes, he is incorrect. And given this evidence on the record, the district court's termination for guideline purposes was not clear error, even if Mr. Solis' preferred theory of relevant conduct is applied. But in no theory of relevant conduct is the defendant required to have specific knowledge of the quantity of the drug. Well, can I just stop you just on that statement then? I mean, are you arguing all this evidence in the alternative? So, your main point is we don't need any of this. But if we do need it, here it is. That's correct. Is that what I'm hearing from you? Okay, thank you. First, the correct standard is less demanding, and that's easily satisfied. Mr. Solis has never offered a rebuttal to why that standard should not apply, and he has never suggested that if that standard does apply, that the government's evidence hasn't met it. But the evidence that I've just discussed goes to the second theory, the more demanding theory of relevant conduct, which is the criminal activity jointly undertaken, in which reasonable foreseeability and scope are required. But if they are, the district court did not clearly err in finding the government had met that burden. Thank you. So, although the government expects that a remand will be necessary because the district court illegally imposed a sentence beneath the statutory mandatory minimum, we do respectfully request that the court address this guideline calculation issue to prevent litigation or re-litigation of this same issue on remand. If the court has no other questions, then I will take my seat. Apparently not. Thank you. Thank you. I have all of 15 seconds. Just to clarify, when Ms. Messick was saying he opened the bag, that was not Edgar, that was the officer. So Mr. Solis may have had an opportunity to view, but there was no evidence that he actually saw what was in the bag, other than that one kilo. If there are no further questions. Apparently not. Thank you. All right. We stand committed.